CITY OF PROVIDENCE *vs.* J. RUSSELL BULLOCK *et als.*

Whether land purchased with partnership funds is to be regarded as partnership property or as the individual property of the copartners depends upon the intention of the purchasers at the time of the purchase, payment from the partnership funds being only *primâ facie* evidence of the intention.

Hence when land purchased by partnership funds was neither intended nor used for partnership purposes, was treated like other lands held by the partners as tenants in common as individual property, was not claimed as partnership property before a master who took

an account of partnership assets and debts, and was claimed as individual property in a sworn bill for partition :

*Held*, that the land was not to be considered as partnership property.

BILL OF INTERPLEADER brought to determine the title to certain moneys, being the amount awarded for lands condemned as a public highway. The funds were claimed by James R. Hodges, surviving partner of the firm of William Barstow & Company, and by J. Russell Bullock and others, trustees under a trust deed executed by said Barstow for the benefit of his creditors. The question at issue was whether the condemned lands were partnership property or were held by the partners, Barstow & Hodges, as tenants in common.

*January* 26, 1884. PER CURIAM. The land in question was paid for by the check of the firm of William Barstow & Company, and from the funds of that firm, and the conveyance was made to the copartners as tenants in common, and contains no reference to any partnership between them. The question is whether it is now to be treated as copartnership property, and applied to the liquidation of the balance found due to Mr. Hodges, one of the partners, on the adjustment of the copartnership account.

The payment of the money raises a trust for the copartnership purposes, in the absence of any proof of intention to separate it from the copartnership funds as a dividend to the partners ; or perhaps it may be more properly stated that the question whether the land is to be considered as copartnership or individual property depends upon the intention in that regard which the parties had at the time, and that the payment of the money from the copartnership fund is *primâ facie* evidence of intention to treat the property purchased as copartnership property.

It is to be observed, however, that this statement of the rule is fully as broad as the authorities will warrant. Most of the cases in which the land, conveyed as this was, has been held to be copartnership assets, are cases in which the land was not only bought with copartnership funds, but was also bought and used for copartnership purposes. *Tillinghast, Receiver*, v. *Champlin*, 4 R. I. 173 ; *Lime Rock Bank* v. *Phetteplace & Seagrave*, 8 R. I. 56. In a case like this, where the land was neither intended nor used

for the purposes of the copartnership, much less evidence would be required to overcome the presumption arising from the payment of the money.

The trustees of Mr. Barstow's estate claim that the evidence in this case is sufficient to overcome the evidence of the payment, whether it be treated as raising a presumption or as evidence of intention. We think they are right. In keeping the accounts of the firm there does not appear to have been any uniform practice of entering receipts and expenditures as to this property and as to other real property which was held by the partners as tenants in common and confessedly as individual property. It is clear that rents from this latter named class of property were sometimes carried into the firm accounts, and it does not appear that all the receipts from the land in question were so credited to the firm. In fact there is no act or claim by either partner, until about the time of the commencement of the present litigation, which indicates an intention to treat this land as partnership property.

On the other hand, in taking the account of the partnership debts and assets before the master in another suit, Mr. Hodges failed to claim this land or the proceeds of it as part of the assets of the firm, although before the taking of the account was finished he had become aware that the assets other than this property would be insufficient to pay his own claims out of the estate. Still further, in his bill filed against the trustees for partition, and sworn to by him, he expressly alleges that the property in question is held by himself and by the trustees as tenants in common.

The fund must be decreed to the trustees of the estate of William Barstow.

*Nicholas Van Slyck & Stephen A. Cooke, Jun.*, City Solicitors, for complainant.

*Benjamin N. Lapham*, for respondents Bullock *et al.*, trustees.

*James Tillinghast*, for respondent Hodges.

*Edward D. Bassett*, for respondent Julia G. H. Barstow, administratrix of William Barstow.